# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN DALTON, | 1:15-cv-00865-AWI-GSA-HC |
| Petitioner, | ORDER REGARDING PETITIONER'S MOTION TO CLARIFIY (ECF No. 22) |
| v. | |
| KATAVICH, | ORDER DENYING MOTIONS TO AUGMENT AND EXPAND RECORD (ECF Nos. 12, 15, and 17) |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se in a habeas corpus action pursuant to 28 U.S.C. § 2254.

On June 18, 2015, Petitioner filed a motion to augment the record and petition with affidavits. (ECF No. 12). On June 25, 2015, Petitioner filed a motion to augment the record and petition with an exhibit. (ECF No. 15). On August 3, 2015, Petitioner filed a motion to expand the record and petition with affidavits. (ECF No. 17). On August 24, 2015, Petitioner filed a motion to clarify. (ECF No. 22).

In Petitioner's August 24, 2015 motion to clarify, Petitioner asked for a clarification as to the date of that proposed order and asked that Respondent serve him with orders that are dated and signed. However, it appears that Petitioner has mistaken the proposed order for a signed order or for a motion by Respondent. The proposed order was Respondent's proposed order to the Court and Respondent served a copy of that proposed order on Petitioner. As the order was

only a proposed order, it was not signed by the Court.  The Court also notes that the proposed order was not a motion or pleading by Respondent, but a proposed order for Respondent's motion for an extension of time to file his response to the petition.  The Court subsequently issued an order on August 18, 2015, granting Respondent's request for an extension of time to file his response to petition and served that order on both parties. (ECF No. 21).  Therefore, Petitioner's motion to clarify is granted as stated above.

In Petitioner's June 18, 2015 motion to augment the record and petition, he claims that the exhibit he attached to his motion is relevant to claims one, two, and seven of the petition. Petitioner seeks to admit police reports to show that the victim had a propensity toward violence and was an aggressor and participant in this matter.  Petitioner's August 3, 2015 motion is a duplicate of his motion on June 18, 2015.  (ECF Nos. 12, 17).  In Petitioner's June 25, 2015 motion to augment the record and petition, he seeks to augment the record with a copy of the Report's Transcript on Appeal Volume II cover page, Volume II table of contents, and RT 352, 353, 354, and 390.

A court entertaining a federal habeas petition "may direct the parties to expand the record by submitting additional materials relating to the petition."  Rule 7(a), Rules Governing Section 2254 Cases.  The types of materials that may be submitted include, but are not limited to, "letters predating the filing of the petition, documents, exhibits, and answers under oath to written interrogatories propounded by the judge," and affidavits.  Rule 7(b); Advisory Committee Notes, 1976 Adoption, Subdivision (b).  If the court directs expansion, then "the party against whom the additional materials are offered" must have an opportunity to admit or deny their correctness. Rule 7(c).  An important purpose of habeas Rule 7 is to enable a judge to rule on a petition without expending the time and resources that an evidentiary hearing requires.  Advisory Committee Notes, 1976 Adoption.  However, "[a]n expanded record may also be helpful when an evidentiary hearing is ordered."  Id.  Because of the nature and purpose of Rule 7, a party seeking to expand the record must demonstrate entitlement to an evidentiary hearing under the federal habeas statute.  Holland v. Jackson, 542 U.S. 649, 653 (2004); Cooper-Smith v. Palmateer, 397 F.3d 1236, 1241 (9th Cir. 2005).  The Court, however, has not yet reviewed

Petitioner's claims in detail, and cannot determine whether an evidentiary hearing or expansion of the record is necessary until it conducts such a review.  Therefore, the motions to augment and expand the record must be denied without prejudice.  Following a detailed review of the pleadings, transcripts, and other materials submitted in this action, the court *sua sponta* will order such expansion of the record if it appears necessary.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to clarify is GRANTED as stated above; and
2. Petitioner's motions to augment and expand the record (ECF Nos. 12, 15, and 17) are DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **September 23, 2015**                               **/s/ Gary S. Austin**
                                                             UNITED STATES MAGISTRATE JUDGE