# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN DALTON,<br><br>    Petitioner,<br><br>    v.<br><br>KATAVICH,<br><br>    Respondent. | 1:15-cv-00865-AWI-GSA-HC<br><br>ORDER DENYING PETITIONER'S MOTION FOR EVIDENTIARY HEARING, MOTION FOR DEFAULT, AND MOTION FOR DEPOSITION OF RESPONDENT<br><br>(ECF No. 26) |

    Petitioner is a state prisoner proceeding pro se in a habeas corpus action pursuant to 28 U.S.C. § 2254.

    On June 8, 2015, Petitioner filed a petition for writ of habeas corpus in this Court. (ECF No. 1). On June 18, 2015, this Court issued an order to respond and set a briefing schedule. (ECF No. 9). On August 14, 2015, Respondent filed a motion for an extension of time to file his response to the petition. (ECF No. 20). On August 18, 2015, the Court granted Respondent's motion for an extension of time to file his answer. (ECF No. 21). On September 16, 2015, Respondent filed a second motion for extension of time to file a response to the petition. (ECF No. 23). On September 16, 2015, the Court granted Respondent's second request for an extension of time to file his response to the petition. (ECF No. 24). On September 23, 2015, Petitioner filed a motion for evidentiary hearing due to Respondent's failure to answer the petition, which the Court construes as a motion for evidentiary hearing, motion for default

1

judgment, and motion for a deposition of Respondent. (ECF No. 26). On September 24, 2015, Petitioner filed objections to the second extension of time for Respondent to file his response to the petition. (ECF No. 27).

Default judgments in habeas corpus proceedings are not available as a procedure to empty state prisons. Title 28, United States Code, Section 2241(c)(3) provides that the writ of habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." Section 2243 of Title 28, United States Code provides that "the court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." In <u>Townsend v. Sam</u>, 372 U.S. 293, 312, 83 S.Ct. 745 (1963), the Supreme Court said: "State prisoners are entitled to relief on federal habeas corpus only upon proving that their detention violates the fundamental liberties of the person, safeguarded against state action by the Federal Constitution." The failure of state officials to timely comply with the deadlines set by this Court does not relieve Petitioner of his burden of proof. See <u>Bleitner v. Welborn</u>, 15 F.3d 652, 653 (7th Cir. 1994) (holding that Respondent's failure to timely respond to petition does not entitle Petitioner to default).

Here, Petitioner argues that Respondent has defaulted because he did not submit his response to the petition within the time period proscribed in the Court's order to respond. (ECF No. 26). Petitioner also objects to the second extension of time for Respondent to file his response to the petition and any further extensions of time. (ECF No. 27). The Court's June 18, 2015 order to respond ordered Respondent to file a response to the petition within sixty days of the date of service of the order. (ECF No. 27). The order to respond was served on Respondent on June 18, 2015. Respondent filed a motion for an extension of time to file his response on August 14, 2015, which is within sixty days of the date of service of the June 18, 2015 order to respond. (ECF No. 20). On August 18, 2015, the Court found good cause for an extension of time and granted Respondent's motion for an extension of time to file his answer to and including September 16, 2015. (ECF No. 21). On September 16, 2015, Respondent filed a motion for a second extension of time to file his response to the petition. (ECF No. 23). On September 16, 2015, the Court granted Respondent's second motion for an extension of time to

file a response to the petition. (ECF No. 24). Upon a review of Petitioner's objections to the second extension of time for Respondent, the Court notes that it has already found that good cause was presented for the extension of time and the Court has already granted Respondent an extension of time to and including October 16, 2015. Therefore, Respondent has not failed to comply with the Court's June 18, 2015 order to respond.

Petitioner requests that the court compel discovery by a deposition of Respondent as to why Respondent is denying Petitioner his right to traverse the answer. As the Court stated above, the Court found good cause to grant Respondent a second extension of time to file his response to the petition until October 16, 2015. (ECF No. 24). Petitioner's request for discovery by deposition is denied.

Petitioner also requests an evidentiary hearing. It appears that Petitioner's request is a request for an evidentiary hearing because of Respondent's default. As the Court stated above, Respondent is not in default.

In Cullen v. Pinholster, the Supreme Court made clear that in determining whether an evidentiary hearing is warranted under 28 U.S.C. § 2254(e)(2), the court must consider the standards for habeas relief under section 2254(d). Cullen v. Pinholster, ––– U.S. –––, –––, 131 S.Ct. 1388, 1399 (2011) (" '[B]ecause the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate.' ") (quoting Schiro v. Landrigan, 550 U.S. 465, 474 (2007)). In other words, the process of determining whether an evidentiary hearing should be granted necessarily includes an analysis of both Sections 2254(d) and 2254(e)(2). See Landrigan, 550 U.S. at 474 ("In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief.").

Here, Respondent has not yet submitted his response to the petition. The Court has not yet reviewed Petitioner's claims in detail, and cannot determine whether an evidentiary hearing is necessary until it conducts such a review. Once briefing is complete and the Court has had the opportunity to review the submissions by the parties, the Court will determine whether Petitioner

1  overcomes 28 U.S.C. § 2254(d).  In light of this analytical overlap and in the interests of judicial
2  economy, the court finds that the most prudent approach is to defer a decision on whether an
3  evidentiary hearing is appropriate until the court conducts a Section 2254(d) analysis.  See
4  Landrigan, 550 U.S. at 473 ("[T]he decision to grant an evidentiary hearing [is] generally left to
5  the sound discretion of district courts. That basic rule has not changed.") (internal citations
6  omitted).  Therefore, petitioner's request for an evidentiary hearing is denied without prejudice
7  and the court will address *sua sponte* whether an evidentiary hearing is warranted when the
8  merits of the petition are considered.

9  Accordingly, IT IS HEREBY ORDERED that:

10  1. The Court construes Petitioner's motion for evidentiary hearing due to Respondent's
11     failure to answer petition (ECF No. 26) as a motion for evidentiary hearing, a motion
12     for default judgment, and a motion for discovery by deposition of Respondent;
13  2. Petitioner's motion for evidentiary hearing is DENIED without prejudice;
14  3. Petitioner's motion for default judgment is DENIED; and
15  4. Petitioner's motion for discovery by deposition of Respondent is DENIED.

IT IS SO ORDERED.

Dated:   **October 2, 2015**             **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE