# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN DALTON, | 1:15-cv-00865-AWI-GSA-HC |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR DISCOVERY (ECF No. 14) |
| v. | |
| KATAVICH, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se in a habeas corpus action pursuant to 28 U.S.C. § 2254. On June 25, 2015, Petitioner filed a motion to compel discovery of electronically stored information. (ECF No. 14). Petitioner seeks the court reporter's original tape recordings of Petitioner's trial to prove judicial bias and show that the biased remarks by the trial judge are not in the Reporter's Transcript on Appeal.

Although discovery is available pursuant to Rule 6 of the Rules Governing Section 2254 Cases, it is only granted at the Court's discretion, and upon a showing of good cause. Bracy v. Gramley, 520 U.S. 899, 904 (1997); McDaniel v. United States Dist. Court (Jones), 127 F.3d 886, 888 (9th Cir. 1997); Jones v. Wood, 114 F.3d 1002, 1009 (9th Cir. 1997); Rule 6(a) of the Rules Governing Section 2254 Cases. Good cause is shown "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Bracy, 520 U.S. at 908-09 (citing Harris v.

1  Nelson, 394 U.S. 287 (1969).  Discovery will not be allowed so that the petition can "explore
2  [his] case in search of its existence," looking for new constitutional claims.  See Rich v.
3  Calderon, 187 F.3d 1064, 1067 (9th Cir. 1999).  If good cause is shown, the extent and scope of
4  discovery is within the court's discretion.  See Rule 6(a) of the Rules Governing Section 2254
5  Cases.

6      Ordinarily, we presume that public officials have "properly discharged their official
7  duties."  United States v. Armstrong, 517 U.S. 456, 464 (1996) (internal quotation omitted).  At
8  this time, Petitioner has not rebutted this presumption.  Petitioner claims that the trial judge made
9  a biased and prejudicial remark on the record between lines 24 and 25 of page 353 of the
10 Reporter's Transcript.  Petitioner claims, however, that this remark is not part of the Reporter's
11 Transcript.  Petitioner has failed to present any objective evidence that would substantiate the
12 contentions that the trial judge made the statement: "Stop it, he killed her mother for Christ's
13 sake" in the presence of the jury and news media and then improperly removed this statement
14 from the trial transcripts.  Petitioner claims that the missing comment occurred between the
15 testimony that is on page 353 lines 22 through 25 of the Reporter's Transcript.  The Court notes
16 that page 353 of the Reporter's Transcript has a question on lines 22 and 23, an answer on line
17 24, and another question on line 25.  The fact that counsel changed to another line of questioning
18 is not sufficient evidence and good cause for the Court to grant Petitioner's motion for discovery.
19 Therefore, Petitioner has not shown good cause and is not entitled to discovery of the
20 electronically stored information at this time.

21     Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for discovery is
22 DENIED.

23
24 IT IS SO ORDERED.

25    Dated:  **October 8, 2015**                    **/s/ Gary S. Austin**
                                                     UNITED STATES MAGISTRATE JUDGE
26
27
28