# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN DALTON,<br><br>    Petitioner,<br><br>    v.<br><br>KATAVICH,<br><br>    Respondent. | Case No.  1:15-cv-00865-AWI-EPG-HC<br><br>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION<br>(ECF No. 32) |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On October 8, 2015, Magistrate Judge Gary S. Austin denied Petitioner's motion for discovery of electronically stored information.  Petitioner sought the court reporter's original tape recordings of Petitioner's trial to prove judicial bias and show that the biased remarks by the trial judge are not in the Reporter's Transcript on Appeal.  Petitioner claimed that the trial judge made a biased and prejudicial remark on the record between the testimony that is on lines 22 through 25 of page 353 of the Reporter's Transcript, but the remark is not part of the Reporter's Transcript.  Judge Austin explained that Petitioner has not shown good cause for his request of electronically stored information and the fact that counsel changed to another line of questioning is not sufficient evidence and good cause for the Court to grant the motion for discovery.  (ECF No. 29).

On October 19, 2015, Petitioner filed objections to Judge Austin's order denying the motion for discovery. (ECF No. 32). Although Petitioner did not caption the request "Request for Reconsideration by the District Court of Magistrate Judge's Ruling," the Court liberally construes the objections as a motion for reconsideration of the Magistrate Judge's ruling. See Local Rule 303(c). The Court notes that Petitioner sought reconsideration within fourteen days from the date of service of the order denying the motion for discovery, so the request is timely. See Local Rule 303(b). Respondent did not file an opposition to the request for reconsideration within the time prescribed by Local Rule 303(d).

In seeking reconsideration of Judge Austin's order, Petitioner must show that Judge Austin's decision was "clearly erroneous or contrary to law." Local Rule 303(f); 28 U.S.C. § 636(b)(1)(A). However, there has been no showing that Judge Austin's decision is "clearly erroneous." Petitioner has not shown good cause for discovery of the electronically stored information. See Rule 6(a) of the Rules Governing § 2254 Cases; Jones v. Wood, 114 F.3d 1002, 1009 (9th Cir. 1997).

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for reconsideration of the October 8, 2015 order denying his motion for discovery is DENIED.

IT IS SO ORDERED.

Dated:   November 4, 2015                    _____
                                              SENIOR DISTRICT JUDGE